**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br>KATHARINA NANNY BLANCATO,<br><br>Debtor. | Case No.: 3:17-cv-00221<br><br>Bankruptcy Case No.: 09-52203-GWZ<br><br>Chapter 7<br><br>APPEAL REFERENCE NUMBER: 17-12 |
| T M Pankopf PLLC, BILLIE LINE,<br>KATHARINA BAHNSEN,<br><br>Appellants,<br><br>v.<br><br>W. DONALD GIESEKE, MAHNA<br>FAMILY TRUST,<br><br>Appellees. | **STIPULATED MOTION TO DISMISS APPEAL AS IT PERTAINS TO APPELLANTS T M PANKOPF PLLC AND BILLIE LINE**<br><br>**AND ORDER THEREON** |

Appellant Christina Lovato, Chapter 7 Trustee of T M Pankopf PLLC ("Trustee Lovato"), Appellee W. Donald Gieseke, Chapter 7 Trustee for the bankruptcy estate of KATHARINA NANNY BLANCATO ("Trustee Gieseke"), and Appellee Mahna Family Trust dated July 6, 1993, hereby file this *Stipulated Motion to Dismiss Appellants T M Pankopf PLLC and Billie Line* from this bankruptcy appeal.

1

In support, Trustee Lovato, Trustee Gieseke, and the Manha Family Trust respectfully state as follows:

1. On July 8, 2009, Katharina Nanny Blancato ("Blancato") filed a Chapter 7 bankruptcy petition in this District, commencing bankruptcy Case No. 09-52203-gwz (Bankr. D. Nev.) (the "Blancato Bankruptcy"). After filing the Blancato Bankruptcy Case, Blancato changed her name to Katharina Nanny Bahnsen.[1]

2. As of the date of this filing, the Blancato Bankruptcy remains open, with Trustee Gieseke acting as the duly appointed Chapter 7 Trustee.

3. On March 27, 2017, the Bankruptcy Court entered its *Order Granting Motion to Sell Real Property Free and Clear of All Liens, Claims, and Interests and to Approve Payment of Sale Related Expenses*, authorizing Trustee Gieseke to sell real property located at 2105, 2109, 2109 ½, and 2115 Prater Way, Sparks, Nevada APN 032-023-010 (the "Prater Way Property"), which the Bankruptcy Court determined belonged to Blancato's bankruptcy estate. *See* Blancato Bankruptcy, ECF No. 159 (the "Sale Order"). Because T M Pankopf PLLC had recorded a Deed of Trust against the Prater Way property asserting a junior lien interest against the Prater Way Property, the Sale Order directed that Trustee Gieseke segregate a portion of the proceeds of the Prater Way Property sale pending resolution of the disputed lien issues. *See Id.* at 5:7-10; *see also* **Exhibit 1**, Deed of Trust recorded at Doc. 4507014, Washoe County Recorder (the "Pankopf Deed of Trust").

---

[1] This name change occurred by way of an *Order Changing Name*, entered on June 26, 2015, by the Second Judicial District Court, Washoe County, Nevada, Case No. CV15-00841.

4. On April 10, 2017, Tory M. Pankopf, Esq. filed a *Notice of Appeal* concerning the Sale Order. The Notice of Appeal states it was filed on behalf of T M Pankopf PLLC, Billie Line, and Katarina Bahnsen. *See* ECF No. 1.

5. The Notice of Appeal indicates T M Pankopf PLLC and Billie Line were represented by Mr. Pankopf, while Katarina Bahnsen is acting in proper person.

6. T M Pankopf PLLC and Billie Line are collectively referred to herein as the "Pankopf Defendants."

7. Appellant Billie Line is simply the Trustee under Pankopf Deed of Trust. T M Pankopf PLLC is the beneficiary of the Pankopf Deed of Trust. *See* Exhibit 1. No allegations of wrongdoing have been made against Billie Line. As such, Appellant Billie Line is a nominal party in the underlying Blanacto Bankruptcy, as well as in this appeal. *See, e.g., Prasad v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 103122 **6-7, 2011 WL 4074300 (W.D. Wash. 2011) (collecting cases).

8. On April 26, 2017, T M Pankopf PLLC filed a Chapter 7 bankruptcy petition in this District, commencing Bankruptcy Case No. 17-50515-btb (Bankr. D. Nev.) (the "Pankopf Bankruptcy").

9. As the date of this filing, the Pankopf Bankruptcy remains open, with Trustee Lovato acting as the duly appointed Chapter 7 Trustee.

10. On June 28, 2017, this Court entered an Order staying this appeal pending the Bankruptcy Court's resolution of the *Motion to Substitute Trustee Christine Lovato in Place of TM Pankopf PLLC as Real Party in Interest*, which had been filed by the Manha Family Trust, who held the first position Deed of Trust on the Prater Way Property. *See* ECF No. 8.

11. On July 24, 2017, the Bankruptcy Court entered its Order granting the Substitution Motion substituting Trustee Lovato in as the real party in interest for T M Pankopf PLLC. *See* Blancato Bankruptcy, ECF No. 197.

12. On September 28, 2017, this Court entered its Order lifting the stay on this appeal and recommencing briefing.

13. Trustee Lovato (on behalf of the Pankopf Bankruptcy estate) and Trustee Gieseke (on behalf of the Blancato Bankruptcy estate) reached a settlement resolving the dispute concerning the validity of the Pankopf Deed of Trust and the Pankopf Defendants' interest in the Prater Way Property (the "Pankopf Settlement").

14. On October 20, 2017, the movants hereto filed a *Notice of Pending Settlement and Joint Stipulated Motion to Continue Briefing Deadlines for Appellants T M. Pankopf PLLC and Billie Line Pending Resolution* [ECF No. 15], which the Court granted on October 24, 2017 [ECF No. 18]. In the stipulation, the parties' agreed to file a stipulated motion to dismiss this appeal as to the Pankopf Defendants if the Bankruptcy Court approved the Pankopf Settlement. *See* ECF 15 at 4:7-9.

15. Pursuant to the approved Pankopf Settlement, Trustee Gieseke, Trustee Lovato, and the Manha Family Trust each agree to pay their own fees and costs and respectfully submit that dismissal of the Pankopf Defendants is appropriate under Fed. R. Bankr. Proc. 8023, and would also be appropriate under FRCP 41(a)(2) and FRAP 42(b).

16. Accordingly, there undersigned parties hereby request that this Court dismiss this appeal as it pertains to Appellants T M Pankopf PLLC and Billie Line, each party to bear

///

its own fees and costs.

RESPECTFULLY SUBMITTED: July 17, 2018.

| | |
|---|---|
| **HUMPHREY LAW PLLC** | **HARTMAN & HARTMAN** |
| By: */s/ L. Edward Humphrey* <br> L. Edward Humphrey, Esq. <br> 201 W. Liberty Street, Suite 204 <br> Reno, Nevada 89501 <br> Telephone: 775-420-3500 <br> Fax: 855-485-6329 <br> *Special Counsel for W. Donald Gieseke, Chapter 7 Trustee of Katharina Nanny Blancato* | By: */s/ Jeffrey L. Hartman* <br> Jeffrey L. Hartman, Esq. <br> 510 West Plumb Lane, Suite B <br> Reno, Nevada 89509 <br> Telephone: 775-324-2800 <br> Telecopier: 775-324-1818 <br> *Attorney for Christina Lovato, Chapter 7 Trustee of T M Pankopf PLLC* |

**LAW OFFICES OF MICHAEL LEHNERS**

By: */s/ Michael Lehners*
Michael Lehners, Esq.
429 Marsh Avenue
Reno, Nevada 89509
Telephone: 775-786-1695
*Attorney for Appellee Mahna Family Trust dated July 6, 1993*

## ORDER

IT IS SO ORDERED

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE
DATED: August 17, 2018

# EXHIBIT "1"

# EXHIBIT "1"

APN: 032-023-10

Recording Requested By:

Law Offices of T M Pankopf PLLC

When Recorded Mail To:

T M Pankopf PLLC
9460 Double R Blvd., Suite 104
Reno, NV 89521

DOC #4507014
08/26/2015 04:09:45 PM
Electronic Recording Requested By
T M PANKOPF PLLC
Washoe County Recorder
Lawrence R. Burtness
Fee: $23.00 RPTT: $0
Page 1 of 7

Title of Document

**DEED OF TRUST**

**AFFIRMATION Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the attached document, including any exhibits, hereby submitted for recording does not contain the social security number or personal information of any persons.

DATED: August 26, 2015

By: _____
TORY M. PANKOPF

# DEED OF TRUST

THIS DEED OF TRUST, made this 14th day of August, 2015 among KATHARINA BAHNSEN fka KATHARINA BLANCATO ("TRUSTOR"), an unmarried woman, as her separate property, as to all that real property situated in the City of Sparks, County of Washoe, State of Nevada, commonly described as 2115 Prater Way, Sparks, Nevada, APN 032-023-10, BILLIE LINE, as TRUSTEE, and T M PANKOPF PLLC, as BENEFICIARY(s), whose address is 9460 Double R Boulevard, Suite 104, Reno, Nevada, 89521 (collectively, PARTIES);

## WITNESSETH:

That TRUSTOR does hereby grant, bargain, sell, convey and confirm unto TRUSTEE, in trust with the power of sale, all that certain property situated in the County of Washoe, State of Nevada, being more particularly described as follows:

## SEE EXHIBIT "A" ATTACHED HERETO AND MADE PART HEREOF

And, also, all the estate, interest, homestead or other claim, as well in law as in equity, which said TRUSTOR now has or may hereafter acquire in and to the said property, together with all easements and rights of way held or used in connection therewith or as a means of access thereto, and, all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

To have and to hold the same unto the said TRUSTEE and its successors, for the purpose of securing principal indebtedness of SIXTY THOUSAND AND 00/100THS DOLLARS ($60,000.00)("Principal Sum") evidenced by a promissory note ("PROMISSORY NOTE") of even date herewith, with interest thereon according to the terms of PROMISSORY NOTE, which PROMISSORY NOTE by reference is hereby made a part hereof, executed by TRUSTOR and delivered to BENEFICIARY, and any and all extensions or renewals thereof, payment of such additional principal sums with interest thereon as may hereafter be loaned by BENEFICIARY to TRUSTOR, payment of all other sums with interest thereon becoming due and payable under the provisions hereof to either TRUSTEE or BENEFICIARY, and the performance and discharge of each and every obligation, covenant and agreement of TRUSTOR herein contained.

Nevada Revised Statute §§ 106.300 et. seq. are incorporated herein by this reference.

**AND THIS INDENTURE FURTHER WITNESSETH:**

1. TRUSTOR promises and agrees to pay when due all claims for labor and materials furnished for any construction, alteration or repair upon the above described premises, to comply with all laws affecting said property or relating to any alterations or improvements that may be made thereon; not to commit or permit waste thereon; not to commit, suffer or permit any acts upon said property in violation of any law, covenant, condition or restriction affecting said property, and to permit BENEFICIARY to enter at all reasonable times for the purpose of inspection.

2. TRUSTOR covenants to keep all buildings that may now or at any time be on said property during the continuance of this trust in good repair and insured against loss by fire, with extended coverage endorsements, in a company or companies authorized to issue such insurance in the State of Nevada, and as may be approved by BENEFICIARY hereby secured, and to deliver the policy to BENEFICIARY or to the collection agent of BENEFICIARY, and if in default thereof, BENEFICIARY may procure such insurance and/or make such repairs, and expend for either of such purposes such sum or sums as BENEFICIARY shall deem proper.

3. TRUSTOR covenants to appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of BENEFICIARY or TRUSTEE; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which BENEFICIARY or TRUSTEE may appear, and in any suit brought by BENEFICIARY to foreclose this DEED OF TRUST.

4. TRUSTOR covenants to pay at least five days before delinquency taxes and assessments affecting said property, including assessments on appurtenant water stock, water rights and grazing privileges; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior thereto, and all costs, fees and expenses of this trust. Should TRUSTOR fail to make any payment or to do any act as herein provided, then BENEFICIARY or TRUSTEE, but without obligation so to do and without notice to or demand upon TRUSTOR, and without releasing TRUSTOR from any obligation hereof, may; make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof; BENEFICIARY or TRUSTEE being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of BENEFICIARY or TRUSTEE; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5. TRUSTOR covenants to pay immediately and without demand all sums so expended by BENEFICIARY or TRUSTEE, with interest from the date of expenditure at five percent (5%) per annum.

6. TRUSTOR covenants to pay a "late payment charge" not exceeding ten percent (10%) or $100, whichever is greater, of any installment when paid more than ten (10) days after the due date thereof to cover the extra expense involved in handling delinquent payments.

7. TRUSTOR covenants that any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to BENEFICIARY, up to the amount then owing to BENEFICIARY pursuant to the PROMISSORY NOTE, who may apply or release such moneys received by their in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

8. That by accepting payment of any sum secured hereby after its due date, BENEFICIARY does not waive their right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

9. That at any time or from time to time, without liability therefore and without notice, upon written request of BENEFICIARY and presentation of this DEED OF TRUST and PROMISSORY NOTE for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, TRUSTEE may: reconvey any part of said property; consent to the making of any map of plat thereof; join in granting any agreement subordinating the lien or charge hereof.

10. That upon written request of BENEFICIARY stating that all sums secured hereby have been paid and upon surrender of the DEED OF TRUST and PROMISSORY NOTE to TRUSTEE for cancellation and retention or other disposition as TRUSTEE in its sole discretion may choose, and upon payment of its fees, TRUSTEE shall reconvey, without warranty, property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

11. That upon default by TRUSTOR in payment of any indebtedness secured hereby or in performance of any agreement hereunder, BENEFICIARY may declare all sums secured hereby immediately due and payable by delivery to TRUSTEE of written notice of default and of election to cause to be sold said property, which notice TRUSTEE shall cause to be recorded. BENEFICIARY also shall deposit with TRUSTEE this DEED OF TRUST, PROMISSORY NOTE and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of default, and notice of sale having been given as then required by law for the sale of real property under writ of execution, TRUSTEE, without demand on TRUSTOR, shall sell said property or any part thereof at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. TRUSTEE may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. In the

event that any indebtedness secured hereby shall not have been fully satisfied by said sale, TRUSTEE may give notice of sale of any property not previously noticed for sale in the manner set forth above and sell the same in the manner set forth above. TRUSTEE shall deliver to any TRUSTOR its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including TRUSTOR, TRUSTEE, or BENEFICIARY as hereinafter defined, may purchase at such sale. After deducting all costs, fees and expenses of TRUSTEE, including a reasonable fee for the attorney of TRUSTEE, and of this trust, including cost of evidence of title in connection with such sale, TRUSTEE shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

12. That BENEFICIARY, or their assignee, may from time to time, by instrument in writing, substitute a successor or successors to any TRUSTEE named herein or acting hereunder, which instrument, executed and acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor TRUSTEE or TRUSTEES, who shall, without conveyance from the TRUSTEE predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original TRUSTOR, TRUSTEE and BENEFICIARY hereunder, the book and page where, or document or file number under which, this DEED OF TRUST is recorded, and the name and address of the new TRUSTEE. If notice of default shall have been recorded, this power of substitution cannot be exercised until after the costs, fees and expenses of the then acting TRUSTEE shall have been paid to such TRUSTEE, who shall endorse receipt thereof upon such instrument of substitution. The procedure herein provided for substitution of TRUSTEE shall be exclusive of all other provisions for substitution, statutory or otherwise.

13. The rights and remedies hereby granted shall not exclude any other rights or remedies granted by law, and all rights and remedies granted hereunder or permitted by law shall be concurrent and cumulative. A violation of any of the covenants herein expressly set forth shall have the same effect as the violation of any covenant herein adopted by reference.

14. That this DEED OF TRUST applies to, inures to the benefit of, and binds all PARTIES hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term BENEFICIARY shall mean the owner and holder, including pledgees, of the PROMISSORY NOTE secured hereby, whether named as BENEFICIARY herein. In this DEED OF TRUST, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and vice versa, and the singular number includes the plural.

15. That TRUSTEE accepts this trust when this DEED OF TRUST, duly executed and acknowledged, is made a public record as provided by law. TRUSTEE is not obligated to notify any party hereto of any pending sale under any other deed of trust or of any action or proceeding in which TRUSTOR, BENEFICIARY or TRUSTEE shall be a party unless brought by TRUSTEE.

16. TRUSTOR covenants to pay any deficiency arising from any cause after application of the proceeds of the sale held in accordance with the provisions of the covenants herein.

17. The following covenants, Nos. 1, 3, 4 (interest 5%), 5, 6, 7, 8 and 9 of Nevada Revised Statutes § 107.030 and all the provisions of Nevada Revised Statutes § 107.080, including the right to accelerate the sums due hereunder upon a breach of the note payment terms, are hereby adopted and made a part of this deed of trust.

18. TRUSTOR assigns hereby to TRUSTEE any and all rents of the above-described premises accruing after default, and hereby authorizes TRUSTEE, or a receiver to be appointed on application of TRUSTEE, or BENEFICIARY, without waiving or affecting the right of foreclosure or any other right hereunder, to take possession of the premises at any time after there is a default in the payment of said debt or in the performance of any of the obligations herein contained, and to rent the premises for the account of TRUSTOR. At any TRUSTEE's sale hereunder held, the TRUSTEE shall sell the property herein described as a single unit unless herein otherwise specifically directed, and at such sale is hereby authorized to bid for BENEFICIARY or other absent persons.

19. TRUSTOR covenants that the DEED OF TRUST created hereby is irrevocable.

20. This deed of trust is executed by TRUSTOR and accepted by BENEFICIARY with the express understanding that the relationship of landlord and tenant shall exist as between the TRUSTOR of the property covered hereby upon foreclosure proceedings and BENEFICIARY and their successors in interest, and TRUSTOR may be removed therefrom by any proceeding authorized by law, including an unlawful detainer action or summary eviction action in the event the possession of said property should not voluntarily be surrendered to such TRUSTOR.

21. Should TRUSTOR, without the consent in writing of BENEFICIARY, voluntarily sell, transfer, or convey interest in the property or any part thereof, or if by operation of law it be sold, transferred, or conveyed, then BENEFICIARY may, at their option, declare all sums owed under the PROMISSORY NOTE and secured by this DEED OF TRUST immediately due and payable. Consent to one such transaction shall not be deemed to be a waiver of the right to require such consent to future or successive transactions.

22. This DEED OF TRUST shall be governed by and construed and enforced under the laws of the State of Nevada.

23. Should any provision of this DEED OF TRUST be invalid, illegal or unenforceable, such provision shall be severable from the rest of this DEED OF TRUST, and the validity, legality and enforceability of the remaining provisions of this DEED OF TRUST shall not in any way be affected or impaired thereby and shall remain in full force and effect.

24. Neither this DEED OF TRUST, nor any agreements, instruments, documents or transactions contemplated hereby or thereby, nor any statements or representations made by BENEFICIARY pursuant to any of the foregoing or otherwise, shall in any respect be interpreted, deemed or construed as making TRUSTOR and BENEFICIARY partners or joint venturers with one another, or as creating or constituting any partnership, joint venture, association or other such relationship between TRUSTOR and BENEFICIARY other than that of debtor and creditor.

IN WITNESS WHEREOF, the TRUSTOR herein has hereunto executed these presents the day and year first above written.
TRUSTOR:

By: _____
KATHARINA BAHNSEN fka KATHARINA BLANCATO

STATE OF NEVADA     )
                    : ss.
COUNTY OF WASHOE    )

Subscribed and Sworn before me on this 26th day of August, 2015 by KATHARINA BAHNSEN fka KATHARINA BLANCATO

_____
Notary Public in and for said County and State

CYNTHIA LANG
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 94-4840-2 - Expires August 8, 2018

# EXHIBIT "A"

That the real property and premises herein referred to are situated in the City of Sparks, County of Washoe, State of Nevada, and are described as follows:

APN: **032-023-10**

PARCEL 1:

Start at the intersection of the Westerly side line of 21st Street, Sparks, Nevada, with the Southerly side line of Prater Way; thence South 76°11'West 103.28 feet along the Southerly side line of Prater Way; thence South 0°22' West 150 feet; thence North 89°38'West 69.48 feet to the place of beginning, on the line of a woven wire fence; thence North 0°13' West 132.1 feet along said wire fence to the Southerly side line of Prater Way; thence North 76°11' East 21.48 feet along said side line; thence South 0°22' West 137.09 feet; thence North 89°38' West 19.48 feet to the place of beginning; situate in the SE 1/4 of the SE 1/4 of Section 6, Township 19 North, Range 20 East, M.D.B.&M.

PARCEL 1B:

A 4 foot wide easement for light and air, adjacent and appurtenant to Parcel 1 above, as describe and conveyed by instrument recorded May 31, 1946 as instrument no. 141762 Bonds and Agreements of Washoe County, Nevada.

PARCEL 2:

Beginning on a point on the Westerly side line of 21st street, City of Sparks Nevada, whence the intersection of said side line intersects with the Southerly side line of Prater Way; thence approximately South 0°22' East a distance of 175.82 feet along the Westerly side line of 21st Street; thence North 89°40' West a distance of 50 feet, more or less, to the Southeast corner of the property heretofore conveyed to Edmund Hansen; thence North 0°22' East along the East line of the property conveyed to said Edmund Hansen a distance of 162.91 feet to the Southerly side line of Prater Way; thence North 76°11' East approximately 51.64 feet to the point of beginning; situate in the SE 1/4 of SE 1/4 of Section 6, Township 19 North, Range 20 East, M.D.B.&M.

PARCEL 3:

Beginning at a point on the South line of County Road, now known as Prater Way, 103.28 feet South 76°11' West from the intersection of the Southerly line of said County Road, now Prater Way, with the Westerly line of 21st Street, as the same are shown on the map of HOGERTON TRACT, CITY OF SPARKS, filed in the office of the County Recorder of Washoe County, State of Nevada, on February 26, 1937; thence Southerly parallel with the Westerly line of 21st Street a distance of 150 feet; thence North 89°38' West, a distance of 50 feet, thence North 0°22' East, parallel with the Westerly line of 21st Street, a distance of 137.09 feet more or less, to the Southerly line of the County Road, now Prater Way; thence North 76°11' East along the Southerly line of said County Road, now Prater Way, a distance
of 51.64 feet to the point of beginning.

PARCEL 4:

Beginning at the monument which is an iron spike in pavement, said spike marking the intersection of 21st Street and County Road, as shown on the plat dedicating the Streets and Alleys of HOGERTON TRACT, CITY OF SPARKS, filed in the office of the County Recorder of Washoe County, State of Nevada, on February 26, 1937; thence South 76°11' West 82.62 feet; thence South 0°22' West 34.08 feet to the South line of County Road, this point being the true point of beginning of this parcel; thence South 0°22' West 162.91 feet; thence North 89°38' West 50 feet; thence North 0°22' East 150.00 feet; thence North 76°11' East 51.64 feet to the true point of beginning.

Commonly Known: 2115 Prater Way, Sparks, Nevada, 89431



# WASHOE COUNTY RECORDER

OFFICE OF THE COUNTY RECORDER
LAWRENCE R. BURTNESS, RECORDER

1001 E. NINTH STREET
POST OFFICE BOX 11130
RENO, NEVADA 89520-0027
PHONE (775) 328-3661
FAX (775) 325-8010

## LEGIBILITY NOTICE

The Washoe County Recorder's Office has determined that the attached document may not be suitable for recording by the method used by the Recorder to preserve the Recorder's records. The customer was advised that copies reproduced from the recorded document would not be legible. However, the customer demanded that the document be recorded without delay as the parties rights may be adversely affected because of a delay in recording. Therefore, pursuant to NRS 247.120 (3), the County Recorder accepted the document conditionally, based on the undersigned's representation (1) that a suitable copy will be submitted at a later date (2) it is impossible or impracticable to submit a more suitable copy.

By my signing below, I acknowledge that I have been advised that once the document has been microfilmed it may not reproduce a legible copy.

_____
Signature

8/26/2015
_____
Date

TORY PANKOPF
_____
Printed Name