UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In re:
KATHARINA NANNY BLANCATO,

                          Debtor,

TM PANKOPF PLLC, BILLIE LINE,
KATHARINA BAHNSEN

                          Appellants,
    v.

W. DONALD GIESEKE, MAHNA FAMILY
TRUST,

                          Appellees.

Case No. 3:17-cv-00221-LRH

Bankruptcy Case No.: 09-52203-GWZ

Chapter 7

APPEAL REFERENCE NUMBER: 17-12

**ORDER**

Before the Court is Appellee, W. Donald Gieseke's motion to strike notice of appeal and/or in the alternative, motion to dismiss appeal. ECF No. 22. No party has filed any response to the motion. The court now grants appellee's motion.

**I.    BACKGROUND**

This action arises from Gieseke's Motion to Sell Real Property Free and Clear of All Liens, Claims, and Interests and to Approve Payment of Sale Related Expenses filed in the Bankruptcy Court of this District on January 12, 2017. *Id.* On March 7, 2017, a sale hearing was held. During this hearing the record was made clear that attorney Pankopf did not represent Bahnsen in the action, but only represented TM Pankopf PLLC and Billie Line. *Id.* On March 27, 2017, the Bankruptcy Court entered its order granting Gieseke's motion, and on April 11, 2017, attorney Pankopf filed a Notice of Appeal from Bankruptcy Court in this court. ECF No. 1. This

Appeal listed TM Pankopf LPPC and Billie Line as represented by attorney Pankopf, and Ms. Bahnsen as appearing *Pro Se*, but she did not sign the Appeal notice. *Id.*

The appeal was stayed from June 28, 2017, until September 20, 2017, while proceedings pended in Bankruptcy court. On September 28, 2017, this court lifted the stay and re-established the briefing schedule that required all parties to file an opening brief within fourteen days. ECF No. 14. On October 20, 2017, Gieseke, Manha, TM Pankopf PLLC and Billie Line filed notice that the parties had reached a settlement. ECF No. 15. On July 17, 2018, this court received notice that the Bankruptcy court had approved the settlement. ECF No. 19. This court granted the parties stipulated motion to dismiss the appeal on August 17, 2018. ECF No. 21.

Bahnsen has filed no separate appeal with this court and has not filed an opening brief. She has further not responded to the pending motion by the set deadline of October 25, 2018. Gieseke's motion now follows.

## II. DISCUSSION

The record before this court is clear that Bahnsen is not represented by attorney Pankopf nor any other attorney, but has appeared in prior proceedings *pro se*. The record also provides that Bahnsen did not sign the Appeal Notice that was submitted to this court on April 11, 2017, in violation of Federal Rule of Civil Procedure 11(a). Further, this court must strike the Appeal unless the party corrects the omission promptly after it is brought to their attention. *Id.* Gieseke's motion was filed on October 11, 2018, providing Bahnsen almost three months to correct the error but she has failed to do so. Further, per the local rules of this court, she had until October 25, 2018, to file any response to this motion, which she also has failed to do. Accordingly, the court will strike the pending appeal.

Further, even if Bahnsen were to correct this error the court must dismiss this appeal. Should a party fail to "file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4); *see also* Fed. R. App. P. 31(c). Following this court's order on September 28, 2017, this court lifted the stay

and ordered the parties to file opening briefs within fourteen days. To date, Bahnsen has failed to file an opening brief with this court.

Additionally, as noted above, she has also failed to respond to the pending motion. Per Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Bahnsen's failure to file an response to Gieseke's motion constitutes consent to this court granting his motion.

Finally, reversal or modification of a sale authorized under 11 U.S.C. § 363(b) or (c) is only authorized if "such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m). The record before this court provides that the Bankruptcy Court authorized the sale under § 363(b), however, the sale was not stayed pending this appeal. Thus, this court could not reverse or modify the Bankruptcy Court's order on appeal. For all of the above stated reasons, this court grants Gieseke's motion and dismisses this appeal.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that Appellee Gieseke's motion to strike notice of appeal and/or in the alternative motion to dismiss appeal (ECF No. 22) is **GRANTED with prejudice**.

The Clerk of Court is FURTHER ORDERED to close this case.

IT IS SO ORDERED.

DATED this 15th day of January, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE